No. 38,382

ALBERT C. HOLTHAUS and IRENE E. HOLTHAUS, *Appellees*, v. SAM MUNSEL, PETE BIERI, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, *Appellants*.

(233 P. 2d 747)

July 3, 1951.                                                    Opinion filed

*Harry A. Lanning*, of Seneca, argued the cause, and *William M. Drumm*, of Seneca, was with him on the briefs for the appellants, Pete Bieri and Fidelity and Deposit Company of Maryland, a Corporation.

*Jacob A. Dickinson*, of Topeka, argued the cause, and *Edward Rooney* and *David Prager*, both of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for an alleged wrongful death. The appeal is from orders overruling defendants' motion to strike portions of the petition and an order overruling their demurrer to the petition.

The pertinent portions of the petition may be summarized as follows: It is alleged that plaintiffs are husband and wife; that on October 31, 1949, they were the natural parents and next of kin of Farrell L. Holthaus, who was killed on that day, and that no administration has been had upon his estate and no personal representative of his estate has been appointed; that on October 31, 1949, the defendant, Sam Munsel, was the duly appointed and

qualified city marshal of the city of Goff, Kansas, and also a duly appointed and qualified deputy sheriff of Nemaha county; that the defendant, Pete Bieri, at all times mentioned in the petition was the duly elected and qualified sheriff of Nemaha county, and that the defendant, Fidelity and Deposit Company of Maryland was the surety on his official bond, which followed the requirements of G. S. 1949, 19-802; that about ten o'clock p. m. on October 31, 1949, Farrell L. Holthaus was engaging in Halloween pranks with two friends in the vicinity of the Goff high school of Goff, Kansas, at which time and place Sam Munsel, acting in the scope of his employment and duties as city marshal of Goff, Kansas, and deputy sheriff of Nemaha county, Kansas, started to chase Farrell L. Holthaus and the other two boys and in doing so fired his revolver for the purpose of warning the boys and negligently and carelessly fired in the direction of Farrell L. Holthaus, causing a bullet to pass through his heart which resulted in his death; that the direct, immediate and proximate cause of the death of Farrell L. Holthaus was the negligence of the defendants' servant, agent and employee, acting in the scope of his employment as city marshal and deputy sheriff, in pointing and firing his revolver in such a manner as to strike the deceased boy in the heart; that Farrell L. Holthaus was a healthy, able-bodied boy, sixteen years of age, with many years of life expectancy; that as a direct result of the negligence of the defendants and the death of their son the plaintiffs have suffered mental anguish and bereavement and the loss of society and companionship of their son, and have suffered the loss of his services, filial care and attention; that as a result of their son's death they were required to pay funeral expenses in the amount of about $650 and have suffered damages in the total sum of $15,000, for which sum they prayed judgment.

To this petition the defendant, Pete Bieri, filed a motion to require the plaintiffs to elect as to whether the defendant Munsel was acting as city marshal of Goff or as deputy sheriff of Nemaha county at the time and place of the tragedy. Upon the hearing of this motion defendants offered in evidence a petition filed by the plaintiffs in the district court of Nemaha county, Kansas, against the mayor and members of the city council of the city of Goff for employing Munsel as city marshal and permitting him to carry a gun when they knew, or should have known, he was an incompetent person for that position. The trial court declined to receive

the offered petition and denied the motion to require plaintiffs to elect.

The defendant, Pete Bieri, also filed a motion for an order to require plaintiffs to make the petition definite and certain in several particulars. This was sustained in part and overruled in part and plaintiffs were given twenty days to file an amended petition. The defendant, Pete Bieri, also filed a motion to strike from the petition the allegations in the last paragraph thereof which alleged the loss they had suffered. This was predicated upon the ground that our statute (now G. S. 1949, 60-3203) is unconstitutional, in violation of section 16, article 2, of our Constitution, and also upon the ground that damages for mental anguish and bereavement in the loss of society and companionship are incapable of being measured by any pecuniary standards and are indefinite and uncertain. This motion to strike was denied. The defendant, Fidelity and Deposit Company of Maryland, filed motions identical with those filed by Bieri, and they were all ruled upon in the same way. They then joined in a demurrer to the petition upon the ground that plaintiffs have improperly joined several causes of action. This demurrer was overruled. Bieri and his surety have appealed from all adverse rulings.

We think the demurrer to the petition "on the ground that plaintiffs have improperly joined several causes of action" in their petition was properly overruled. This is predicated upon the wording of the petition, that "Sam Munsel, acting in the scope of his employment and duties as city marshal of Goff, Kansas, and deputy sheriff of Nemaha County, Kansas," started to chase plaintiffs' son and negligently fired the shot which caused his death. Neither this language nor the petition as a whole indicates that the plaintiffs are seeking recovery against the city of Goff, or any of its officials, or the surety on the bond, if any, of Munsel as city marshal. The language, as we interpret it, is simply a statement of the facts giving rise to the cause of action appropriate under G. S. 1949, 60-704, *Second*. It does appear from the language quoted that plaintiffs are uncertain with respect to whether Munsel was acting as city marshal or as deputy sheriff. Naturally, before they can recover anything in this action against the sheriff or the surety on his bond plaintiffs will have to produce evidence showing that Munsel at the time in question was acting as deputy sheriff. But we are not dealing here with evidence.

The principal question stressed by counsel for appellants in their

brief is the contention that G. S. 1949, 60-3203, is void for the reason that chapter 319 of the Laws of 1947, which was the last amendment of the section, violates section 16 of Article 2 of our Constitution, which, so far as here pertinent, reads: "No bill shall contain more than one subject, which shall be clearly expressed in its title . . ." The title to the act reads:

"AN ACT relating to the code of civil procedure, amending section 60-3203 of the General Statutes Supplement of 1945, and repealing said original section."

The argument presented by counsel for appellants in support of this view is that this section is not procedural in its nature, but is substantive law and has no place in the code of civil procedure; that the reference in the title to the section of the code, without stating the substance of the contents, is insufficient. This point is not well taken. The section of the statute dealing with the subject matter has been a part of our code of civil procedure since 1868 (Chap. 80, § 422, G. S. 1868). The wording used in the title of the 1947 act is adequate to advise the members of the legislature of the section of our statute to be amended and repealed, and in no way is misleading. While a different wording might have been chosen it cannot be said that the title did not conform to the provisions of the section of our Constitution in question.

We find no error in the record. The judgment of the trial court is affirmed.